Supreme Court—Perlman v. Solomon.

LOUIS PERLMAN, PLAINTIFF-RESPONDENT, v. SAMUEL SOLOMON, DEFENDANT-APPELLANT.

Decided February 23, 1923.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-respondent, *Charles Rosenthal.*

For the defendant-appellant, *Kanter & Kanter.*

PER CURIAM.

The defendant and plaintiff entered into an agreement which recited that the plaintiff had given into the custody of the defendant a diamond ring valued at $750 to be held in trust by the defendant as the sole and exclusive property of the plaintiff until certain conditions were complied with (a) defendant to pay plaintiff for the use of said property the sum of $750, $200 to be paid at the time of delivery and the balance in equal weekly installments of $25 each, when the ring should become the property of the defendant. It was further agreed that upon failure of the defendant to perform any of the conditions he was to deliver or return the property to the plaintiff on demand. The case seems to have been tried upon the theory that the defendant had filed a counter-claim for the $200 paid on delivery. There is no copy of any such counter-claim to be found in the record, but we assume that one was filed to recover the $200, because as defendant claims the ring had been returned to the plaintiff for some alterations and that the plaintiff had lost it. The judgment was in favor of the plaintiff, from which the defendant appeals.

The first ground argued is that the court refused to strike out testimony tending to prove that the defendant had offered $300 in settlement. The testimony of the witness, "he offered $300 in settlement after that," came at the end of quite a long statement of the witness. As soon as the objectionable words had been uttered the defendant moved that they be

stricken out and the court said, "I will strike out that part of it wherein it states that conversation." This undoubtedly refers to the statement with reference to the offer of compromise, and therefore the court did precisely what the defendant requested.

The next point made is that the court refused to direct a judgment for the defendant on the ground that the relationship entered by the contract between the parties created the defendant merely a trustee for the plaintiff and to pay him for the use of the ring. There is nothing in this; it was no more than a conditional sale in which the property was to remain in the plaintiff until all the payments had been made.

The next point is that as the contract was to pay $25 for the *use* of the ring, there was a total failure to show that the defendant ever had the ring in his possession subsequent to April 30th, 1921, on which date it seems to have been lost. The point made is the defendant had no use of the ring, because it was lost, and, therefore, was under no obligation to pay. The real question at issue was whether the plaintiff or the defendant had lost the ring, and the evidence was not undisputed, which raised a question of fact which the jury found in favor of the plaintiff. That is the whole case and the judgment will be affirmed, with costs.